UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Sammie Lee McCoy, # 39452, *a/k/a* Sammie L. McCoy,<br><br>                                Plaintiff,<br><br>vs.<br><br>Ralph Misle, Jail Administrator, York County Detention Center,<br><br>                                Defendant. | ) C/A No. 8:08-3219-GRA-BHH<br>)<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

This is a civil action filed *pro se* by a county detention center inmate.[1] Plaintiff is currently confined at the York County Detention Center. In the Complaint filed in this case, he requests injunctive relief and damages upon a claim of cruel and unusual punishment arising from alleged exposure to an "AIDS"-infected fellow detainee.[2] Plaintiff claims that he was placed in close quarters: a "lock down cell," with another detainee who has AIDS. He does not allege that he suffered any kind of specific physical injury as a result of York County's failure to segregate HIV-positive/AIDS-infected detainees from those who are not infected with the HIV virus. Instead, he complains that since he had to use the same sink and toilet as the infected detainee, he fears that

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

[2] Plaintiff uses the term "AIDS" to describe the fellow detainee's illness. It is possible that the detainee is only "HIV-positive" which means that he is infected with the HIV virus, but might not yet have what is referred to as "full-blown AIDS," which is the proper name of the disease that occurs after the HIV virus a certain level in the body of the infected individual. *See* http://www.webmd.com/hiv-aids/default.htm. The term "AIDS" is used in this Report for ease of reference since that is the term used by Plaintiff in the Complaint.

he was infected and he wants this Court to order Defendant to implement a segregation policy and to pay for medical followup testing/treatment for him for the rest of his life.

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, _ U.S. _, 127 S. Ct. 2197 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

With respect to Plaintiff's allegations about the conditions of confinement (housing with an AIDS-infected detainee) to which he was subjected while confined in York County, the United States Supreme Court explained in *Farmer v. Brennan*, 511 U.S. 825 (1994), that a prison official

violates the Eighth Amendment (or the Fourteenth Amendment in the case of pretrial detainees)[3] *only* when two requirements are met: (i) the alleged deprivation must be objectively "sufficiently serious," that it results "in the denial of 'the minimal civilized measure of life's necessities,'" *and* (ii) the prison official must have a 'sufficiently culpable state of mind,'" *i.e.*, "'deliberate indifference' to inmate health or safety." *Id*. at 834 (citations omitted). The *Farmer* Court further determined that its standard for "deliberate indifference" would be "subjective recklessness as used in the criminal law." *Id*. at 839-40. "In short, the Court concluded that a prison [or detention center] official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Forbes v. Edgar*, 112 F.3d 262, 266 (7th Cir. 1997) (citing *Farmer* at 847); *see also Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998)(applying Eighth Amendment analysis in a conditions-of-confinement case filed by a state pre-trial detainee).

Regarding the objective prong of the *Farmer v. Brennan* analysis, the law is now well settled that, in absence of allegations showing that a physical injury, as opposed to only worry or mental distress, occurred as the result of Plaintiff's being housed with an AIDS-infected person, the failure of correctional officials to segregate prisoners/detainees with AIDS from the general population does not rise to the level of a constitutional violation, *i.e.*, it does not constitute cruel and unusual punishment. *See, e.g., Robbins v. Clarke*, 946 F.2d 1331 (8th Cir. 1991); *Glick v. Henderson,* 855 F.2d 536, 539 (8th Cir. 1988) (prison's failure to segregate inmates with HIV/AIDS did not violate

---

[3] While the Due Process Clause of the Fourteenth Amendment guarantees pre-trial detainees – such as Plaintiff -- humane conditions of confinement, "the Eighth Amendment standard provides the benchmark for such claims." *Craig v. Eberly*, 164 F.3d at 495; *see also Chisolm v. Cannon*, No. C.A. 4:02-3473-RBH, 2006 WL 361375 (D. S.C., Feb. 15, 2006). For this reason, the standards discussed in *Farmer v. Brennan* are equally applicable in Plaintiff's case.

Eighth Amendment); *Oladipupo v. Austin,* 104 F. Supp.2d 626, 635 (W.D. La. 2000) (same); *Deutsch v. Federal Bureau of Prisons,* 737 F. Supp. 261, 267 (S.D.N.Y.1990) (same); *Portee v. Tollison,* 753 F. Supp. 184, 186-187 (D.S.C. 1990) (prison officials' policy decision not to segregate HIV carriers does constitute deliberate indifference and does not violate the Eighth Amendment); *Feigley v. Fulcomer*, 720 F. Supp. 475 (M.D. Pa. 1989) (same). This state of the law has recently been recognized in several cases from this Court. *See, e.g.*, *Martin v. Lockemy*, No. 0:08-2525-RBH, 2008 WL 4198584 (D.S.C. Sept. 09, 2008); *Ceasar v. Ozmint*, No. 9:05-2764-MBS, 2006 WL 1751715 (D.S.C. June 19, 2006); *Smalls v. Myers*, 9:05-2995-GRA, 2006 WL 1454779 (D.S.C. May 24, 2006)(case from a county detainee).

Although "prisoners do not shed all constitutional rights at the prison gate, . . . lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Sandin v. Conner*, 515 U.S. 472, 485 (1995) (citations omitted). The United States Supreme Court has cautioned the federal courts that they "ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment." *Id.* at 482; *see O'Lone v. Estate of Shabazz*, 482 U.S. 342, 353 (1987) (courts should not "substitute [their] judgment . . . on difficult and sensitive matters of institutional administration . . . for the determinations of those charged with the formidable task of running a prison.").

In this case, based on the law cited above, Plaintiff's allegations fail to satisfy the objective component of a viable Eighth or Fourteenth Amendment claim; therefore, it does not matter whether or not Defendant's allegedly knowing refusal to move Plaintiff out of the lock-down cell could arguably satisfy the subjective component of such a claim under different circumstances. *Chandler v. Crosby*, 379 F.3d 1278, 1297 (11th Cir. 2004). As a result, the allegations contained in

the Complaint, even very liberally construed, are clearly inadequate to state a viable § 1983 cause of action for either damages or injunctive relief arising from the conditions under which Plaintiff is confined in York County.  *See* 42 U.S.C. § 1997e (e) (No Federal civil action for compensatory damages may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.). Other than § 1983, no other potential bases for the exercise of federal jurisdiction over Plaintiff's Complaint are evident from the face of the pleading.

### **Recommendation**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process.  *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).  Plaintiff's attention is directed to the important notice on the next page.

*[signature]*
BRUCE H. HENDRICKS
UNITED STATES MAGISTRATE JUDGE

September 29, 2008
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *U. S. v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).